(Reap. Dec. 10302)

## J. M. ALTIERI *v.* UNITED STATES

Entry No. 2402.

(Decided July 24, 1962)

Plaintiff not represented by counsel.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

(Reap. Dec. 10303)

## J. M. ALTIERI *v.* UNITED STATES

Entry No. 11024.

(Decided July 24, 1962)

Plaintiff not represented by counsel.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

LAWRENCE, Judge: The question of the proper value for dutiable purposes is presented by the above-enumerated appeal for a reappraisement.

The scooter and motorcycle tires and tubes in question were appraised on the basis of foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs

Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165 (19 U.S.C. § 1402(c)), at the unit invoice values in new French francs, indicated in column 11 of the customs invoice of merchandise.

When this case was called for hearing, the entry papers were offered and received in evidence, and it was stipulated and agreed by the parties that the proper value of said merchandise is the invoice unit values, as indicated in column 9 of said invoice.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930, as amended, *supra*, is the proper basis of value for the scooter and motorcycle tires and tubes in issue and that such value is represented by the invoice unit values shown in column 9 of the customs invoice of merchandise attached to the entry papers.

Judgment will be entered accordingly.